The STATE of Ohio, Appellee,

v.

FORTS, Appellant.

[Cite as *State v. Forts* (1995), 107 Ohio App.3d 403.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 95-CA-0024.

Decided Nov. 15, 1995.

*John M. Williams,* Wayne County Assistant Prosecuting Attorney, for appellee.

*Edward R. Thompson,* Wayne County Assistant Public Defender, for appellant.

REECE, Presiding Judge.

Appellant, Sandra A. Forts, appeals her conviction in the Wayne County Court of Common Pleas for one count of drug abuse in violation of R.C. 2925.11. We affirm.

On August 15, 1994, Charles Hardman, a Wayne County drug enforcement agent, obtained a warrant to search a residence located at 422½ North Buckeye Street, Wooster, Ohio, for drugs. The warrant permitted officers to search "said residence and on the person of anyone found in the residence." In his affidavit in support of the warrant, Hardman stated that a confidential informant purchased crack cocaine from a black female at the residence. Hardman also stated that based on previous drug investigations, he was familiar with Forts, a black female, who resided at 422½ North Buckeye Street.

At the suppression hearing, Hardman testified he observed that Forts was a passenger in a car approaching the residence. Forts and her companion turned off Buckeye Street and pulled into an alley adjacent to the residence. Forts left the car and began walking toward the residence. Officer John Rittenhouse, who was part of the drug interdiction team which had the residence under surveillance, testified that he arrested Forts in the alley as she walked toward the residence. A search of Forts's purse produced crack cocaine, a crack pipe, and a hemostat with cotton.

In its ruling on the motion to suppress, the trial court found that Rittenhouse properly arrested Forts in the alley based on the scope of the warrant. Specifically, the trial court stated that "the warrant in the instant case conferred authority on police officers to conduct an investigative detention of defendant who had been identified as a resident of 422½ N. Buckeye." The trial court rejected Forts's argument that the warrant only permitted the police to search persons found inside the residence.

Forts appeals and raises one assignment of error: the trial court improperly denied her motion to suppress because the police illegally searched her in violation of her Fourth Amendment rights. She argues that the scope of the warrant did not permit the police to search her outside the residence. She contends that the command portion of the warrant which permitted a search of "anyone found in the residence" did not apply to persons outside 422½ North Buckeye.

The central issue for our consideration is whether the search of Forts fell within the scope of the warrant. The Court of Appeals for the Eighth Appellate District has addressed this issue. *State v. Cancel* (June 28, 1990), Cuyahoga App. No. 56727, unreported, 1990 WL 88743. In *Cancel*, the court held:

"A warrant for the search of premises implicitly confers a limited authority on police officers to conduct investigative detentions of individuals found on the premises who can be reasonably connected to the property. More specifically, law officers executing a search warrant for a known drug house may detain individuals observed leaving the house who may be reasonably connected to drug activity. In the case sub judice, when a warrant is executed for a known drug house it is equally as reasonable to detain one who has been seen behaving at an automobile as if a transaction had taken place, who seeks to quickly reenter the premises." (Citations omitted) *Id.*

In *Cancel,* the court upheld a search of the defendant whom police observed walking away from a car and back to an apartment building known for previous drug activity. The previous drug activity included purchases made by buyers in their cars and sellers who would obtain the drugs from the apartment building.

In the present case, the police possessed information about Forts's drug activity. Such information was contained in the affidavit in support of the warrant and included such assertions that a confidential informant bought drugs from Forts at the residence and that Forts represented to the informant her ability to obtain more drugs. Therefore, Forts was reasonably connected with the drug activity at the residence.

We believe *Cancel* controls the resolution of the issue before this court. Although Forts was not "in" the residence, the scope of the warrant permitted

Rittenhouse to search her as she approached the residence. The thrust of *Cancel* permits a search beyond the literal command portion of the warrant when the object of the search is reasonably identifiable with the purpose of the warrant. In other words, if Forts had been stopped and searched ten blocks away, the warrant could not have justified the search. However, Forts, a suspected drug dealer, was heading back to the suspected scene of the crime and was stopped only several feet from the entrance. Moreover, the evidence indicated that Forts was in fact heading back into the residence. We cannot say that the police would have to wait for Forts to enter the residence in order to conduct a search under the authority of the warrant. Because Forts was reasonably connected with drug sales at the residence and was located only several feet from the residence, the police did not violate her Fourth Amendment rights by conducting the search.

Accordingly, appellant's assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

DICKINSON and SLABY, JJ., concur.